ERIC KLEIN
200 Knickerbocker Rd.
Demarest, New Jersey 07627
201-722-8735

Judge Denise L. Cote, U.S.D.J.                              February 1, 2021
U.S. District Ct. Southern District NY
500 Pearl St. Courthouse                      U.S. v. Klein Dkt # 03 Cr 813(2)
NY, NY 10007

Circuit Judge Jon O. Newman              Chief Judge Colleen McMahon
U.S. Court of Appeals 2nd Circuit         U.S. District Court
40 Foley Sq.                                           500 Pearl St. Courthouse
NY, NY 10007                                       NY, NY 10007

Applications Pending Long Time: One re GJ Minutes and Discrepant Resitution for 35 Months
& other simple OSC re Right to Counsel for Post Arraignment Plea Negotiations for over a Year*

Dear Judge Cote:

## Preliminary Statement

My calendar shows this is beginning of Black History Month in United States.  One would think just one place where Black History intersects Legal History is great Supreme Court case of Powell v. Alabama, 287 U.S. 45 (1932) [that time period after Arraignment most 'critical stage'].

Therein the Supreme Court elonquently set forth the rule and reasons therefore for there being a Right to Counsel for all steps after the Arraigment through Trial.  The rule and reasoning has been repeated numerous times over the years without any critique.  The Supreme Court, after plenty of due consideration, enacted FRCRP 44(a) codifying the Powell v. Alabama rule therefor.

So we see a permanent intersectioning of 'Black History' not only with law, but a uniformly accepted beneficial doctrine.  From my read there are no judicial derogations from FRCRP 44(a).

## Turning to Case Herein

Anyone can read the 12/1/04 Arraignment Transcript (but I could not until after it was filed).
*I have been calling Chambers regularly and get recorded message to write to the Court instead.

1

My Arraignment Counsel made a "Limited Appearance", limited to just the Arraignment. And as shown in Carnley v. Cochran, 369 U.S. 506 (1962) the proper procedure was for at least someone at the Arraignment to inform I had Right to Counsel from the Arraignment on [if they wanted me to know that]*.  I surely would have upon being so informed would have asked for Counsel (just as I did for the FDS representation before the Arraignment when offered to me).

Logical Sequential Question: What Events Followed  After the Arraignment ?

So then the question is whether there are any steps/stages after the Arraignment when I was Pro Se without Counsel ?  Looks to me that there were several in this chronological Order:

Stage One:  For 12/8/04 for my dealing with Court's phone call to me advising that the Court had advanced the date for me to obtain Counsel from 1/10/05 to 12/8/04.  I think if I had Counsel for all of that Judge Sand could have been pursuaded to go back to the 1/10/05 date.  In actual practice the 12/8/04 date was likely arrived at pursaunt to post-Arraignment *ex parte* urging by AUSA Streeter to Judge Sand (because Streeter was trying to create an impossible situation).

Stage Two:  For dealing with AUSA Streeter's Letter dated 12/15/04 and Boxes of Materials sent with it.  I put this next in the chronology because I received Streeter's letter before 12/15/04.  The Court can read Streeter's 12/15/04 Letter on its own.  While I don't know for certainty I suspect that Streeter's 12/15/04 Letter to me was generically a post-Arraignment Prosecutor-to-Defense Attorney Letter as part of overall dynamic toward a final resolution.  Moreover while the 12/15/04 Letter offers specific plea terms and invites plea negotiations seems to me that it was part of the general dynamic of the case that almost always results in a negotiated plea.

Stage Three:   Judge Sand's 12/15/04 second long distance phone call to me.  In this phone call

---

*This was the missing information in U.S. v. Harrison and Ayers v. Hall, cases cited previously.

2

Judge Sand's Courtroom Deputy reminded me that I was "long in default of having to have Counsel by 12/8/04" and that Judge Sand was angry-mad at me because I didn't have Counsel by 12/8/04 even after Judge Sand informed me personally of that requirement on 12/8/04.

Stage Four:   Likely here lumping some stages together but was review of Streeter's 12/15/04 Letter to me, the Boxes Streeter sent me with it, and the Plea Negotiations Streeter and I had on 12/20/04.  Seems that those Plea Negotiations were the expected result of the 12/15/04 Letter.

Stage Five:  Judge Sand's 12/22/04 third long distance phone call to me.  In this phone call Judge Sand's Courtroom Deputy reminded me that I was "long in default of having to have Counsel by 12/8/04" and that Judge Sand was angry-mad at me because I didn't have Counsel by 12/8/04 even after Judge Sand informed me personally of that requirement on 12/8/04. In the 12/22/04 Phone Call the Court also scheduled a 12/27/04 Contempt Hearing for me to try to suffucuently explain to Judge Sand why I didn't have Counsel by 12/8/04.

Stage Six:   After the 12/22/04 Phone Call to me there were back and forth phone calls with the Court which ultimately resulted in my having the Contempt Hearing adjourned to 1/5/05.   But as part of of those negotiations* with the Court  I was informed that the 1/5/05 date was marked "Final" as to me, i.e.,  no more adjournments of the 12/27/04 Contempt Hearing beyond 1/5/05.

   So there were at least six (6) stages/steps after the Arraignment where I was involuntarily Pro Se.  There could be more if all that I had to do after receiving Streeter's 12/15/04 Letter are broken down in sub-stages or sub-steps.  In addition one could argue that when I picked Counsel on 1/3/05 I should have had Counsel too, as they knew was needed to replace same in terms of knowledge and procedure over my own knowledge (e.g., to obtain an Order of Substitution, etc.).

*I pleaded with Court that 12/27/04 was too soon— I was seeking for around 1/10/05 instead.

<u>Looks like at least Few of those Six (6) Stages — if not all of them— were "Critical Stages"</u>

Seems to me that all one needs for a new Trial in Federal Court because the 6th Amendment applies directly is an involuntary Pro Se stage and possible prejudice.  But if this was State Court one would look for "critical stages', and looks like some stages were clearly "critical."

<u>Clearly Critical Stage One</u>:   All that was involved in accelerating my time to obtain Counsel from 1/10/05 [given at the 12/1/04 Arraignment] to 12/8/04 [as shown on the Docket Sheet] with first notice of that on 12/8/04.  Initially that was virtually impossible to comply with.  I had a long list of potential Counsel by 12/8/04.  I had to cut that down to almost nothing.  There is an over a month difference; and also I went from complying time wise to being out of time.  One has to be able to seek Counsel in a methodological way as opposed to getting "any old" Counsel.  While Judge Sand did not use the words the message he gave me on 12/8/04 was just get any Counsel ASAP.  There is law that Defendant to be afforded "reasonable time" to obtain Counsel.

<u>Clearly Critical Stage Two</u>:  Seems that everything involved with Streeter's 12/15/04 Letter* to me involved critical stages.  This is how one finds the proof for defense and evaluates the evidence in the Prosecutions's case.  Ultimately Streeter and I had Pro Se Plea Negotiations based on dynamic process of litigation.  Isn't a plea deal the general foci of these kinds of cases ?

<u>Clearly Critical Stage Three:</u>   Judge scheduling a Contempt Hearing against me.  Aside from the downside to that [being held in Contempt by Judge presiding] required that I have Counsel in place just to protect against that.  Could be deemed putting Defendant "between a rock and a hard place" (and the like).  Seems for this non-compliance kind of contempt Counsel is required.

<u>In sum hopefully this case can move forward at this point, and this is apt month for doing so.</u>
*Seems <u>Powell v, Alabama</u> contemplates having Counsel to deal with subjects in this 12/15/04**
cc: Christopher Clore, AUSA**Letter to me (investigative stage). Respectfully,<u>  /s/</u> Eric Klein /4