UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
UNITED STATES OF AMERICA,            :
                                     :
                                     :        03cr813 (DLC)
        -v-                          :
                                     :        ORDER
ERIC KLEIN,                          :
                                     :
               Defendant.            :
                                     :
------------------------------------ X

DENISE COTE, District Judge:

On July 8, 2005, a jury convicted Eric Klein of conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 371, and two counts of wire fraud, in violation of Title 18, United States Code, Section 1343.  On October 26, 2005, the Honorable Leonard Sand sentenced him to fifty-one months' imprisonment, followed by three years on supervised release.

In the years since his conviction and sentence, Klein has made innumerable efforts to vacate his conviction.  Between 2005 and 2007, while his direct appeal of his conviction was pending, Klein filed a series of motions in his criminal case seeking various forms of relief.  In an Opinion and Order of August 7, 2007, Judge Sand denied these motions and, based on Klein's practice of "filing numerous time barred and frivolous motions," barred him from filing any further motions in his criminal case

without first obtaining permission of the Court.  United States
v. Klein, No. 03cr813(LBS), 2007 WL 2274254, at *4 (S.D.N.Y.
Aug. 7, 2007).  On October 15, 2008, the Second Circuit affirmed
both Klein's conviction and Judge Sand's Order barring Klein
from further filings without leave of the Court.  United States
v. Klein, 297 Fed.Appx. 19, 20 (2d Cir. 2008).

On December 8, 2009, Klein petitioned for postconviction
relief pursuant to Title 28, United States Code, Section 2255.
Klein's petition was denied and Klein's repeated attempts to
relitigate that denial were rejected.  See, e.g., United States
v. Klein, No. 03cr813(LBS), 2010 WL 3910164 (S.D.N.Y. Sept. 21,
2010); Klein v. United States, No. 09cv10048(BSJ), 2012 WL
5177493 (Oct. 17, 2012).  Ultimately, the Honorable Paul Crotty
ordered Klein to show cause as to why he should not be enjoined
from making further filings related to his 2005 criminal
conviction without first obtaining leave of the Court.  Klein v.
United States, No. 09cv10048(PAC), 2018 WL 4382381 (S.D.N.Y.
Sept. 4, 2018).  On January 24, 2019, Judge Crotty issued an
Order requiring Klein to seek leave of Court before making any
further filings related to his 2005 conviction and instructed
the Clerk of Court to reject any future filings from Klein that
did not comply with his Order.  Id., 2019 WL 316524 (S.D.N.Y.
Jan. 24, 2019).

2

On January 6, 2016, Klein petitioned for a writ of error coram nobis.  That petition was assigned to this Court and it was denied in an Order of January 22, 2016.  Klein v. United States, No. 15cv9357(DLC), 2016 WL 297727 (S.D.N.Y. Jan. 22, 2016).  Klein then renewed his petition for a writ of coram nobis on his criminal case docket, No. 03cr813, and his criminal case was reassigned to this Court.  That petition was denied as well.  United States v. Klein, No. 03cr813(DLC), 2016 WL 11687628 (S.D.N.Y. Mar. 17, 2016).  Klein appealed the denial of his petitions for a writ of coram nobis to the Second Circuit. The Second Circuit affirmed that denial and reminded Klein that he "may not make any further motions in the district court relating to his 2005 conviction without permission of the district court" and that any additional violations may subject him "to further sanctions."  Klein v. United States, 692 Fed.Appx. 657, 659 (2d Cir. 2017).

Beginning in 2018, Klein filed hundreds of vexatious motions, letters, and applications on his criminal case docket. In many weeks, Klein made a new filing each day, and on some occasions, Klein made multiple filings in a day.  These filings present issues related to his 2005 criminal conviction that have previously been ruled upon by this Court, another judge in the United States District Court for the Southern District of New

York, or the Court of Appeals for the Second Circuit.
Additionally, Klein did not seek leave of Court before making
many of these filings, in violation of Judge Sand's 2007 Order
and Judge Crotty's 2019 Order.

"The district courts have the power and the obligation to
protect the public and the efficient administration of justice
from individuals who have a history of litigation entailing
vexation, harassment and needless expense to other parties and
an unnecessary burden on the courts and their supporting
personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000)
(citation omitted). Therefore, a district court may issue an
injunction restricting a litigant's ability to make future
filings if "a litigant who has a history of vexatious litigation
is likely to continue to abuse the judicial process." Eliahu v.
Jewish Agency for Israel, 919 F.3d 709, 714 (2d Cir. 2019)
(citation omitted). A court may not, however, entirely bar a
party from making future filings. See Safir v. U.S. Lines,
Inc., 792 F.2d 19, 25 (2d Cir. 1986). In a typical case, then,
an appropriate injunction against a vexatious litigant is a so-
called "leave to file" sanction that directs the Clerk of Court
to refuse to accept further filings from a litigant if the
litigant has not first obtained leave of the Court to make the

filing.  See In re Martin-Trigona, 9 F.3d 226, 229 (2d Cir. 1993).

This is not a typical case.  Klein has been separately subjected to a leave to file sanction by two judges of this District: by Judge Sand in a 2007 Order, and by Judge Crotty in a 2019 Order.  Those Orders, as well as the related admonitions from the Second Circuit, have been insufficient to deter Klein from his years-long pattern of making vexatious filings related to his 2005 criminal conviction.  A broader injunction, going beyond a standard leave to file sanction, that nonetheless preserves Klein's ability to pursue meritorious claims is therefore warranted in order to prevent an "unnecessary burden on the courts and their supporting personnel."[1]  Lau, 229 F.3d at 123 (citation omitted).  Accordingly, it is hereby

ORDERED that Klein is enjoined from making any further filings related to his 2005 criminal conviction, with or without leave of Court, subject to the following exception.

---

[1] Ordinarily, a district court may not impose a filing injunction without providing notice and opportunity to be heard to the litigant who will be subject to the injunction.  Lau, 229 F.3d at 123.  Here, however, it is not necessary to provide Klein with additional notice and opportunity to be heard before imposing the sanctions described in this Order.  Klein has been subject to a filing injunction in this District since 2007 and has had ample opportunity to present argument as to why that injunction is unwarranted.  Moreover, this Order does not impose a new filing injunction, but merely modifies the terms of the existing filing injunctions imposed by Judges Sand and Crotty.

IT IS FURTHER ORDERED that Klein may, in May of each year, make a single request for leave to file a motion related to his 2005 criminal conviction.  Any such request may not exceed three pages in length and must identify an issue of fact or law not previously ruled upon by the Second Circuit or any judge in this District.  The request must be submitted to the Clerk of Court via mail and may not be emailed to the Clerk of Court or filed on ECF.  The filing shall bear the caption in this Order, including the docket number 03cr813, and the title "Annual Request for Leave to File Motion Related to 2005 Conviction."

IT IS FURTHER ORDERED that the Clerk of Court shall refuse to accept for filing any future submission from Klein that does not comply with these conditions.  Non-compliant filings shall be discarded by the Clerk of Court.

IT IS FURTHER ORDERED that the Clerk of Court shall terminate all pending motions on Dkt. No. 03cr813.

Dated:    New York, New York
          April 27, 2021

_____
DENISE COTE
United States District Judge